Dear Mr. LeBlanc:
You have requested an opinion of the Attorney General regarding the City of Gretna's ability to sell property adjudicated to it for non-payment of taxes, more specifically:
 (1) Whether the eight steps listed in your letter accurately portray the procedure for selling adjudicated property to a bona fide purchaser and providing the same with just title, and;
 (2) Whether the City of Gretna may forgo collecting state tax liens when selling adjudicated property, thereby requiring a bona fide purchaser to settle any state tax liens directly with the state before the purchaser obtains a clear property title.
In answer to your first question, R.S. 33:2861 et seq. provides procedures pursuant to which a municipality can sell adjudicated property. Your letter outlined eight steps which accurately summarize the basic sale provisions (assuming a sale without appraisal) contained in R.S. 33:2861 et seq., with one important exception. In accordance with R.S. 33:2866, the City's sale to a third party cannot take place until "after the expiration of the period fixed by law for the redemption of the adjudicated property". Since your letter refers to properties adjudicated to Gretna in 1985, the redemption period has already passed and the provisions of R.S. 33:2866 have already been met. Passage of the redemption period would be important, however, in sales of property adjudicated to Gretna in later years.
As stated, your outline is a basic summary. I am sure you are aware that R.S. 33:2861 et seq. contains provisions which are not summarized in your outline, including those pertaining to the appointment of a curator, the holding over of sales from day to day, and others.
In our opinion, the words "clear title" are not truly applicable to tax titles, as a municipality cannot convey any greater title than that which was held by the tax debtor. Furthermore, a party acquiring property pursuant to the provisions of R.S.33:2861 et seq., obtains title, subject to an action to annul or invalidate the sale, which prescribes one year from the date the purchaser's deed is registered in the conveyance office (33:2872).
Please also note that R.S. 33:2868 contains a provision to the effect that municipal sales of adjudicated property shall be made "subject to any state, parish and levee district taxes and to all subsequent taxes and paving or other local improvement changes." This is consistent with R.S. 33:461, which provides that a municipal tax title is subject to a title acquired under a sale for state and parish taxes.
In answer to your second question, it is our opinion that the City can forgo the collection of state tax liens when selling the adjudicated parcels of property. The statutory provisions referenced in the preceding paragraph make it clear that municipal tax titles are to be made subject to state tax liens.
We suggest that the City make it clear that the sale is "subject to" all outstanding and subsequent state, parish and levee district taxes and tax liens by so stating at the sale. Since the City can convey no better title than that held by the tax debtor, it should also be made clear to prospective purchasers that the property is sold subject to any and all claims, liens and encumbrances.
For your convenience, I am enclosing copies of other opinions rendered by this office on related issues in connection with municipal tax sales. Please advise if we can be of further assistance.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: JEANNE-MARIE ZERINGUE Assistant Attorney General
RPI:JMZ:jav/178n